SAINT MARY'S CHURCH *vs.* BENJAMIN TRIPP, City Treasurer
of the City of Providence.

Public Statutes R. I. cap. 41, § 2, exempts from taxation "buildings for free public schools,
    buildings for religious worship, and the land upon which they stand and immediately sur-
    rounding the same to an extent not exceeding one acre, so far as said buildings and land
    are occupied and used exclusively for religious or educational purposes."
*Held*, that a building for religious purposes is exempt from taxation although used for edu-
    cational purposes so long as the use is merely incidental or occasional, or so long as the
    use, if habitual, is purely permissive and voluntary and does not interfere with the use
    for religious purposes, there being no alienation of the building in whole or part for educa-
    tional uses, as *e. g.* by lease.
Real estate is by statute assessed in distinct parcels. The tax on each parcel is a distinct
    tax, and if void for illegality and paid under protest may be recovered back in *assumpsit*.

ASSUMPSIT heard by the court, jury trial being waived.

This case was heard upon an agreed statement of facts, as fol-
lows :

"Saint Mary's Church of Providence, R. I., was and is the
owner in fee of a certain lot of land situate on Barton Street, in
the city of Providence, upon which is erected a wooden building;
that said building was erected in          and ever since that

time has been, with the land upon which it stands and surrounding it, occupied and used exclusively for religious and educational purposes, and for no other purpose whatever.

" That the assessors of taxes of the city of Providence, in the year A. D. 1882, assessed said land and building as if liable to taxation, at a valuation of $7,171, and the plaintiff was taxed therefor the sum of $104.40, which sum the plaintiff claims was erroneously levied upon said estate, and it paid the same to the defendant, protesting against the same as illegal.

" During the year 1882 the said building was used and occupied primarily for the purpose of religious worship, and during some portions of the time, when not required for the purpose of religious worship, a part of said building, to wit, the basement thereof, was used for educational purposes, but not as a free public school, no income, however, being derived from the same."

Attached to the agreed statement of facts, and forming part of it were :

A certificate from the assessors of taxes, showing in detail the several parcels of realty for which the plaintiff was assessed, with the valuation for tax purposes of each parcel ;

A copy of the protest filed with the city treasurer when the plaintiff paid the tax on the parcel in question ;

A certificate from the city treasurer that the tax on the parcel in question had been paid.

*December* 22, 1883.  DURFEE, C. J.   The question here arises on Pub. Stat. R. I. cap. 41, § 2, which exempts certain classes of property from taxation, and among them " buildings for free public schools, buildings for religious worship, and the land upon which they stand and immediately surrounding the same to an extent not exceeding one acre, so far as said buildings and land are occupied and used exclusively for religious or educational purposes."   The defendant contends that the words " religious or educational," at the close of this citation, are used distributively, the word " educational " being applicable exclusively to buildings for free public schools, and the word " religious " being applicable exclusively to buildings for religious worship ; so that if any free public school house be used for religious purposes, or any building for religious worship be used for educational purposes, however in-

cidental or occasional the use may be, the exemption is forfeited. We do not think the statute is to be so strictly construed. The statute seems to recognize the close connection which exists between religion and education as auxiliary to one another. It is well known that much of our Sunday school teaching, though it may be auxiliary to religion, is not purely religious. Buildings for religious worship or parts of them are frequently permitted to be used on week days for literary or scientific lectures, or for industrial instruction. It cannot be supposed that the General Assembly, which must have been familiar with these uses, some of them prompted by religion, though not religious, intended to proscribe or discourage them. We think a building for religious purposes may be used for educational purposes, without any forfeiture of its exemption, so long as the use is merely incidental or occasional, or, if habitual, so long as it is purely permissive and voluntary, and is so managed as not to interfere with the uses of the building for religious worship, there being no alienation of the building or any part of it to the educational uses, as there would be if it were leased for such uses and thus secularized, if the word may be permitted. In the case at bar, if we rightly understand the agreed statement, the use was such that it did not interfere with the needs of religious worship, and such, too, that it might have been terminated at any time, being purely permissive and voluntary. We think that under these circumstances there was no forfeiture of the exemption.

The defendant contends that, even if the property is exempt, the action will not lie, the remedy given by Pub. Stat. of R. I. cap. 43, §§ 15, 16, being the only remedy. He refers to *Tripp* v. *Merchants' Mut. Fire Ins. Co.* 12 R. I. 435. That case related to a tax assessed on personal property. The insurance company contended that it was not liable to the tax, because the property, or much the greater part of the property, should have been assessed to the corporators individually and not to the corporation. This claim was not sustained. The company also contended that it was not liable because it had rendered an account to the assessors showing only a few items of ratable property. The court held that the account was not conclusive, the assessors being bound to assess the ratable estate at what they thought its fair

value, and that the remedy given by the statute was the only remedy for excessive taxation. The court likewise added : " An assessment duly made upon persons or corporations, which are taxable to any extent for the kind of property which is assessed, is conclusive, unless they avail themselves of the remedy prescribed." The case before the court was a case of alleged overtaxation of personal property, the company assessed complaining that it had been taxed for property for which it was not liable to be taxed. The language of the court is to be understood as used with reference to the case before it. Doubtless the court used the language unguardedly, without a thought of its being applied to real estate, the assessment of which is not general, as in the case of personal property, but specific. It is well settled that money compulsorily paid for a tax which is void for illegality may be recovered back in *assumpsit*. *American Bank* v. *Mumford*, 4 R. I. 478; *Greene* v. *Mumford*, 5 R. I. 472. We think the rule is applicable in the case at bar. The real estate assessed consisted of several distinct parcels, the estate which we have found to be exempt being one of them. Each distinct parcel was, as the statute directs, specifically assessed. The tax on each parcel was therefore a distinct tax, and if void for illegality, there is no reason why, if paid under protest, it should not be recovered back. See Pub. Stat. of R. I. cap. 42, §§ 4, 8; *Young* v. *Joslin*, 13 R. I. 675.                    *Judgment for plaintiff.*

*Charles E. Gorman*, for plaintiff.

*Nicholas Van Slyck*, City Solicitor, for defendant.